ROY OTIS RESPESS v. MARVIN BRICKHOUSE AND GORDON HODGES DAVENPORT.

(Filed 23 September, 1964.)

**Automobiles § 41f—**

    Evidence *held* sufficient to be submitted to the jury in this action to recover for injuries sustained when defendant driver drove his truck into the

rear of plaintiff's automobile, notwithstanding that the lights of the stationary vehicle were burning and a person was attempting to flag the truck down with a flashlight.

APPEAL by defendants from *Cowper, J.,* January Civil Session 1964 of PASQUOTANK.

This is a civil action to recover damages to the Cadillac automobile of plaintiff and for personal injuries sustained by him when a ten-wheeler GMC 61 model truck, owned by defendant Brickhouse and driven by defendant Davenport, carrying 28 or 30 head of cattle, ran into the rear of plaintiff's automobile on 23 October 1962 about 5:30 p.m.

The plaintiff was driving in a southerly direction on the Albemarle Sound bridge, which is 3.8 miles in length. The bridge is 22 feet wide and has a drawbridge 331 feet long, located approximately in the center thereof. Just before plaintiff reached the drawbridge he heard a swishing sound and realized as he was entering the drawbridge that he had a flat tire. He did not stop his car until he left the drawbridge and then stopped as near the right-hand side of the bridge as he could in order to leave sufficient room to remove the wheel from the rear right side of the car. The head and rear lights were on in regular driving position.

The bridge tender testified that when he saw the Respess car stopped he got his flashlight and went to see if he could help. The car had been stopped under the gate which would be lowered if the drawbridge had to be put into operation. At his request the car was moved south a few feet to clear the gate. This witness further testified that the red lights on the rear of plaintiff's car were burning; that he saw and heard the Brickhouse truck approaching from the north while he was walking back in a northerly direction from the plaintiff's car. When he was about 40 feet from plaintiff's car he took his flashlight, "with the red just like that and waved it back and forwards across the road." The truck was between 300 to 400 feet from the witness when he began to try to stop it. "I continued to wave the truck down until I had to jump out of the way to keep from getting run over myself."

From a verdict and judgment in favor of the plaintiff, the defendants appeal, assigning error.

*McLendon, Brim, Holderness & Brooks, by L. P. McLendon, Jr. and Edgar B. Fisher, Jr.; and Frank B. Aycock, Jr., for plaintiff appellee.*

*LeRoy, Wells & Shaw for defendant appellants.*

JONES *v.* HESTER.

PER CURIAM.  The defendants' only assignment of error is to the failure of the court below to sustain their motion for judgment as of nonsuit made at the close of plaintiff's evidence and renewed at the close of all the evidence.

In our opinion, plaintiff's evidence was sufficient to carry the case to the jury and we so hold.

Affirmed.